WIGGINTON, Judge.
This cause is before us on appeal from the trial court’s order denying Saxon’s petition for an “Amended, Writ of Habeas Corpus, Ad Subjiciendum.” The trial court treated the petition as essentially an “amended motion for dismissal for failure to grant a speedy trial,” and denied the “motion” because Saxon refused to waive extradition and was therefore unavailable for trial. Pla.R.Crim.P. 3.191(b)(1) and (c). We reverse.
The facts as distilled from the record trace Saxon’s rather active criminal history back to March 14, 1977, on which date he was arrested in Escambia County, Florida and charged with twelve counts of making forged instruments; ten counts of uttering forged instruments; one count of armed robbery; two counts of conspiracy to commit armed robbery; two counts of burglary; and two counts of criminal mischief. Saxon jumped bond but was again arrested on July 11,1977, in Louisiana for attempted armed robbery.
The record shows that Florida originally intended to extradite Saxon; that Saxon refused to waive his right to the statutory extradition procedure; and that in September, 1977, due to inaction on the part of this State as the demanding state, the district court in Louisiana dismissed the extradition warrant.
Subsequently, in October, 1977, Saxon was sentenced to four years incarceration in Louisiana. In November of that same year, he sent a letter to the State Attorney’s office in Escambia County requesting final disposition of the pending charges pursuant to Section 941.45(3)(a), Florida Statutes. No reply was received.
Approximately sixteen months later, on March 8, 1979, Saxon filed, in Escambia County, a motion for speedy trial. By letter dated March 22, 1979, the Assistant State Attorney advised Saxon that his demand for speedy trial was faulty because he had failed to comply with Rule 3.191(b)(3), Florida Rules of Criminal Procedure (1979). Saxon supplemented his demand by letter dated April 2, 1979, in which was contained the necessary information. However, on June 5, 1979, the Assistant State Attorney informed Saxon that his speedy trial demand would not be acted upon because he had refused to waive extradition.
On October 11, 1979, undaunted, Saxon filed a motion to dismiss the pending charges, based on the allegation that he had been denied a speedy trial. By order dated October 12, 1979, the circuit court for Es-cambia County denied the motion to dismiss on the grounds that, (1) Saxon had refused to waive extradition, and (2) he had not been continuously available for return to that jurisdiction for trial.
In November, 1979, pursuant to a detain-er, Saxon was released to and incarcerated in Jackson, Mississippi. By December, 1981, however, he had abandoned his motions in favor of petitions for writs of habeas corpus. The first of these petitions was denied by order dated December 16, 1981, wherein the trial court noted that a prior motion for dismissal on the same grounds had been denied by the October 15, 1979 order. The basis of the December order was that Saxon had not been continuously available for trial because of his refusal to waive extradition, and further that he had failed to utilize the appropriate provisions of the Interstate Agreement on Detainers Act, Section 941.45, et seq., Florida Statutes.
Nevertheless, on December 28, 1981, exhibiting tremendous tenacity, Saxon again filed what was styled an “Amended, Motion for Writ of Habeas Corpus, Ad Subjicien-dum.” Again, the trial court, treating the *906 pleading as an amended motion for dismissal, denied same by order dated January 28, 1982, which order became the subject of the present appeal.
The crux of Saxon’s argument is that he was at all times available for trial, especially by his filing motions for a speedy trial or, alternatively, by his original effort to invoke the provisions of the Interstate Agreement on Detainers Act in his November, 1977 letter.
Although Saxon’s efforts over the past five years have wreaked havoc on the orderly processes set forth in Section 941.45, Florida Statutes, and Rule 3.191, Florida Rules of Criminal Procedure, through which an accused may obtain a speedy trial, it is clear from the record that subsequent to his refusal to waive extradition in 1977, he has made a genuine effort to secure a speedy trial.
The trial court, in its denial of Saxon’s many motions and petitions, misconstrued his initial refusal to waive extradition. It would appear that his refusal was predicated on his understanding that Florida intended to pursue extradition proceedings. However, Florida failed to do so, and Saxon’s positive actions thereafter amounted to a bona fide waiver of extradition.
However, in order that Saxon’s position in that regard be made clear on the record, it is this Court’s decision that he file a certificate of waiver of extradition in Es-cambia County. The certificate, coupled with his previous demands for a speedy trial would require Escambia County to return Saxon to that county for trial within sixty days. Fla.R.Crim.P. 3.191(a)(2) (1982). Failing that return, the charges pending against Saxon in Escambia County should be dismissed.
BOOTH and WENTWORTH, JJ., concur.